

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS

CIVIL DIVISION

MARTHA HUNT, PERSONAL REPRESENTATIVE
OF THE ESTATE OF TOMMY LEE HUNT,
DECEASED, AND ON BEHALF OF THE
WRONGFUL DEATH BENEFICIARIES
OF TOMMY LEE HUNT                                                                    PLAINTIFF

VS.                                      NO. 5ACV-20-148

THE HOME DEPOT, INC.;
HOME DEPOT U.S.A., INC.;
TELESTEPS, INC.;
REGAL IDEAS, INC; AND
XIN WEI ALUMINUM PRODUCTS CO., LTD.                                  DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, Martha Hunt, Personal Representative of the Estate of Tommy Lee Hunt, by and through her attorneys, David Hodges and Andre Valley, and for her cause of action against The Home Depot, Inc., Home Depot U.S.A., Inc., Telesteps, Inc., Regal Ideas, Inc., and Xin Wei Aluminum Products Co. Ltd., Defendants and states:

### JURISDICTION AND VENUE

1. The Circuit Court of Phillips County, Arkansas, has jurisdiction of this case because the Plaintiff is seeking relief against the Defendants in this

1

civil proceeding, thereby giving this court jurisdiction under Ark. Code Ann. § 16-4-101 and Ark. Code Ann. § 16-13-201.

2. The venue for this action is in Phillips County, Arkansas, pursuant to the provisions of Ark. Code Ann. § 16-60-101 et. seq.

## PARTIES

3. The Plaintiff, Martha Hunt, wife of the Decedent, is a resident of 411 Lambert Drive, Helena-West Helena, AR 72390, in Phillips County, Arkansas.

4. Defendant, The Home Depot, Inc., is a foreign, for-profit entity incorporated under the laws of Delaware. The registered agent for The Home Depot, Inc. is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

5. Defendant, Home Depot U.S.A., Inc. ("Home Depot USA"), is a foreign, for-profit entity incorporated under the laws of Delaware. Home Depot USA is licensed to do business in the state of Mississippi. The store related to this complaint is located at 7260 Interstate Boulevard, Horn Lake, Mississippi, 38637. Home Depot USA's principal place of business is 2455 Paces Ferry Road, Atlanta, Georgia, 30339. Home Depot USA can be served in Arkansas at its registered agent Corporation Service Company, 300 Spring Building, Suite 900, 300 S Spring St, Little Rock, AR 72201.

6. At the time it is believed to have placed the subject product(s) into the stream of commerce, Defendant Telesteps, Inc. ("Telesteps") is believed to have been a foreign for-profit entity incorporated under the laws of the states of New York. It is believed that Telesteps can be served at the following address: 102-2840 West Valley highway North, Auburn, Washington, 98001.

7. Defendant, Regal Ideas, Inc. ("Regal"), is a foreign for-profit corporation licensed to do business in the state of Washington. Its principal place of business is 9320 4th Avenue S, Seattle, Washington, 98108. Its registered agent is James Stubner, 2003 Western Avenue, No. 400, Seattle, Washington, 98121.

8. Defendant, Xin Wei Aluminum Products Co., Ltd. ("Xin We"), has an address of Erlong Industrial Zone, Fochen Road, Checun Town, Shunde District, Foshan City, People's Republic of China.

## FACTUAL BACKGROUND

9. The Decedent, Tommy Lee Hunt, was changing light bulbs at New Light Baptist Church located at 522 Arkansas Street, Helena, AR 72342, in Phillips County, Arkansas on or about February 13, 2018.

10. Mr. Hunt was using a Telesteps Model 16S ladder to change the light bulbs. The Telesteps ladder broke causing Mr. Hunt to fall and hit his head on a church pew. The ladder is property of New Light Baptist Church.

11. Mr. Hunt was found on the floor of the church, lying face down, a little after 4:00 p.m. by Michael Gaddy. Mr. Gaddy called his ex-wife, Peggy Gaddy, instructing her to call 911.

12. The Phillips County Sherriff's Department and Helena-West Helena Police Department were dispatched and arrived on the scene to secure the location and to do an investigation.

13. Pafford Medical Services transported Mr. Hunt by ambulance to the Helena Regional Medical Center Emergency Department.

14. The Phillips County Coroner, Adam Rowland, pronounced Mr. Hunt deceased at 5:00 p.m. Mr. Hunt's body was received and transported by Jackson-Highly Funeral Home, Inc.

15. The ladder used by the Decedent was purchased from The Home Depot.

## COUNT I
## NEGLIGENCE

16. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in paragraphs Nos. 1 through 15, inclusive, to the complaint as part of this count.

17. The death of the Decedent was caused by the Telesteps Model 16S ladder and Defendants are guilty of negligence, which consists of, but is

7-24-2020    20200768512    5820200724006509

not limited to, the following, which were an actual and proximate cause of the injuries and damages:

a. Negligently failed to design, manufacture, and construct components that operated properly under the circumstances.

b. Failure to use ordinary care under the circumstances.

c. Defendants failed to use ordinary care under the circumstances.

d. Defendants breached the standard of care owed to their customers, resulting in injuries to the foreseeable user of the product, Tommy Lee Hunt.

e. The conduct of Defendants fell below the standard of care required of designers, manufacturers, and sellers of products such as the subject ladder and components in this case, and this constitutes negligence.

f. Defendants negligently failed to properly inspect, test, and maintain in good condition, the subject ladder, and Defendants failed to possess and apply with reasonable care the degree of skill and learning ordinarily possessed and used by designers, manufacturers, and sellers of ladders such as the subject ladder, engaged in the same type of business in the locality in which they practiced, or in a similar locality, and Defendants, therefore, are guilty of negligence.

g. Defendants failed to design, manufacture, or sell a ladder with the proper safety features.

h. Defendants failed to warn the intended consumer or user of the product, of the defective conditions in the ladder, thereby creating a substantial risk.

i. Defendants negligently failed to discover the defective conditions in the ladder or its components.

j. Defendants failed to repair or correct the defective condition before the sale of the ladder.

k. Defendants failed to design, construct, manufacture, assemble, inspect or test the subject ladder to render the same suitable for the ordinary course of its use.

l. Defendants are otherwise guilty of negligence which will be more particularly described during the course of the litigation.

18. Plaintiff believes that the death of the Decedent was actually and proximately caused by the negligence of the Defendants acting by and through their duly authorized agents, servants, workmen, and/or employees, who are guilty of negligence in the design, fabrication, assembly, manufacture, labeling, sale, delivery, and supplying of the ladder.

## COUNT II
## STRICT LIABILITY

19. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in paragraphs Nos. 1 through 18, inclusive, of the complaint as part of this count.

20. Plaintiff contends the Defendants were engaged in the business of manufacturing, assembling, and selling ladders, that the ladder in question was supplied by Defendants in a defective condition, and the defective condition was an actual and proximate cause of the Decedent's death. Plaintiff contends the Defendants are absolutely or strictly liable to the Plaintiff.

## COUNT III
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

21. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in paragraphs Nos. 1 through 20, inclusive, of the complaint as part of this count.

22. Plaintiff contends the Defendants impliedly warranted that the ladder was merchantable at the time it was sold to the Decedent. Plaintiff contends there was a breach of the implied warranty of merchantability.

23. The ladder was not adequately constructed and did not conform to the promises and affirmations of the Defendants. Plaintiff contends the Defendants breach the warranty of merchantability in that Decedent died as result of the ladder, which was not merchantable, and the unmerchantable condition was the actual and proximate cause of his injuries and death.

24. Decedent was an individual whom Defendants would reasonably expect to use, consume, and be affected by the ladder.

25. Sufficient notice has been given to the Defendants, and Defendants have been reasonably and timely notified of their breach of warranty in compliance with the laws of the State of Arkansas.

7-24-2020   20200768512   5820200724006509

## COUNT IV
## BREACH OF THE IMPLIED WARRANTY OF FITNESS
## FOR A PARTICULAR PURPOSE

26. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in paragraphs Nos. 1 through 25, inclusive, of the complaint as part of this count.

27. Plaintiff claims damages from Defendants on the ground that the ladder was not fit for the particular purpose for which it was intended.

28. Defendants, at the time of sale, had reason to know the particular purpose for which the ladder was required.

29. Defendants knew Decedent was relying upon Defendants' skill and judgment to select and furnish a suitable ladder.

30. The ladder was not fit for the particular purpose for which it was required, and this unfitness was a proximate cause of Decedent's death.

31. Decedent was an individual whom Defendants would reasonably expect to consume, use, and be affected by the ladder.

## COUNT V
## BREACH OF EXPRESS WARRANTIES

32. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in Paragraphs 1 through 30, inclusive, of the Complaint as a part of this count.

33. Plaintiff claims damages from Defendants on the ground that the Defendants made and breached certain express warranties concerning the ladder.

34. The ladder did not conform to the express warranties created. The failure of the ladder to conform to the express warranties was a proximate cause of the Plaintiff's injuries and damages.

36. Plaintiff is an individual whom Defendants might reasonably expect to use, consume, and be affected by the ladder.

## COUNT VI
## WRONGFUL DEATH AGAINST ALL DEFENDANTS

37. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in paragraphs Nos. 1 through 36, inclusive, of the Complaint as part of this count.

38. As a direct and proximate result of the previously alleged conduct, all of which were willful and wanton, outrageous, reckless, malicious and/or intentional, the Defendants caused the death of Decedent.

39. Decedent suffered personal injuries, including but not limited to, death, which caused the family of Decedent to suffer more than the normal grief upon losing their loved one under the circumstances.

7-24-2020                                       20200768512                             5820200724006509

40. Plaintiff prays for compensatory damages against the Defendants for the wrongful death of Decedent, including, but not limited to, the grief suffered, as well as the expense of the funeral and other related costs.

41. As a direct and proximate result of the willful, wanton, reckless, malicious and/or intentional conduct, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against the Defendants, including, but not limited to, pain and suffering, loss of enjoyment of life, the loss of life, and severe emotional distress, as well as funeral expenses and related costs against the Defendants in an amount to be determined by the jury, exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which the Plaintiffs may be entitled, including, but not limited to, claims on behalf of the wrongful death beneficiaries of the decedent, and for any and all other damages that the Plaintiff and beneficiaries are entitled to recover pursuant to the provisions of AMI 2216. Plaintiff sues for, pursuant to the Wrongful Death Statute, pecuniary injuries sustained by the beneficiaries under the Wrongful Death Statute, together with mental anguish on behalf of the beneficiaries of the decedent under the Wrongful Death Statute.

## COUNT VII
## SURVIVAL CLAIMS

42. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in paragraphs Nos. 1 through 41, inclusive, of the Complaint as part of this count.

43. In addition to the wrongful death claims, certain of the acts described herein occurred during the lifetime of Decedent, prior to his death, and, therefore, Plaintiff asserts a cause of action and claim on behalf of the estate and on behalf of the heirs at law of the estate, for the survival claims that arose by reason of the Defendant's misconduct during the lifetime of Plaintiff's decedent, prior to his death.

44. Plaintiff asserts a claim for damages on behalf of the Estate of Decedent for damages that Decedent himself would be entitled to bring, had he survived.

45. Plaintiffs assert a claim for damages on behalf of the Estate of Plaintiff's decedent for loss of life, funeral expenses, conscious pain and suffering experienced by Plaintiff's Decedent prior to his death, medical expenses, disfigurement, and punitive damages.

7-24-2020                    20200768512                 5820200724006509

## PRAYER FOR RELIEF

46. Plaintiff asks for damages requested herein, in the various causes of action asserted herein, together with the damages, recited previously, pursuant to the provisions of Ark. R. Civ. P. 10(c).

47. Plaintiff is suing for the following elements of damage, and asks for damages sustained by Decedent, funeral expenses, and other pecuniary injuries and damages as set forth and described in AMI 2216, including the various sub-parts of the pecuniary injuries and the reasonable cost of funeral expenses.

48. Plaintiff makes a demand against the Defendants, jointly and severally, for a sum in excess of the minimum jurisdictional requirements for federal court, together with costs and all other relief to which the Plaintiff may be entitled, including attorneys' fees for the breach of implied warranties under the causes of action asserted herein, together with a judgment for compensatory and punitive damages, in an amount to be determined by the jury, but, in any event, compensatory and punitive damages, that are in excess of the amount required for federal court jurisdiction, together with the costs and all other expenses of the prosecution of this action, and for all other appropriate relief under the circumstances.

## JURY DEMAND

49. Plaintiff, pursuant to Rule 38 of the Arkansas Rules of Civil Procedure, demands a jury trial on all factual issues.

MARTHA HUNT, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF TOMMY LEE HUNT, DECEASED
AND ON BEHALF OF THE
WRONGFUL DEATH
BENEFICIARIES OF TOMMY LEE
HUNT

By: _____

DAVID A. HODGES
Attorney at law
212 Center Street, Fifth Floor
Little Rock, AR 72201-2429
Arkansas Bar No. 65021
Telephone: 501-374-2400
Facsimile: 870-633-6176

And

ANDRE VALLEY
Attorney at Law
423 Rightor, Suite #2
Helena-West Helena, AR 72342
Arkansas Bar No. 96225
Telephone: 870-338-6487
E-mail: andrekvalley@gmail.com

**CERTIFIED MAIL**

DAVID A. HODGES
ATTORNEY AT LAW
CENTRE PLACE - FIFTH FLOOR
212 CENTER STREET
LITTLE ROCK, AR 72201-2429



7014 2870 0000 5130 7070



02 1P    $012.65⁰
0000815052   JUL 16 2020
MAILED FROM ZIP CODE 72201

FORWARDING ADDRESS REQUESTED

The Home Depot, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808



198081674 0073

7-24-2020    20200768512    5820200724006509

## General Liability Claim Worksheet

Claim #: 20200768512

### GENERAL INFORMATION

| | | | |
|---|---|---|---|
| What date did the incident occur? | 02/13/20 | Your Name (Reporter name) | CLAIMS ADMIN |
| At what time did the incident occur? | 12:00PM | Did the incident occur on The Home Depot's premises? | Other |
| Reporter E-mail | | Reporter Loc # | AR99 |
| Phone Number Ext. | 1111111111 | Reporter Loc Name | ARKANSAS STATE CODE |
| Accident Location | AR99 - Arkansas | Accident Location Name | |
| Address 1 | 522 Arkansas Street | Address 2 | |
| City | Helena | State/Province | Arkansas |
| Country | United States | | |
| Please provide a brief description of the incident. If applicable, please include any injury sustained and the body part involved. (254 character limit) | FNOL - Claimant is personal rep of deceased. Mr. Hunt was using a telestep ladder when it broke causing him to fall and hit his head. | | |
| Is this a delivery incident? | No | Is this an Installed Sales incident? | No |
| Does the Incident involve damage to a customer's (or non-Home Depot) property? | No | | |

### INVOLVED INDIVIDUAL INFORMATION

| | | | |
|---|---|---|---|
| Name | TOMMY L HUNT | E-mail | |
| Address1 | 522 Arkansas Street | Address 2 | |
| City | Helena | State/Province | Arkansas |
| Zip/Postal Code | 72342 | Country | United States |
| Phone | | Cell | -- |
| Gender | | Birth Date | |
| Is this individual a minor? | | Marital Status | |
| Name of Minor's Parents | | | |

### ACCIDENT INFORMATION

| | | | |
|---|---|---|---|
| Was the Involved individual transported to the hospital by ambulance, medical air-lift or other vehicle? | Unknown | Exact Incident Location (e.g., Bay 5 Lumber Aisle, Cash Register 5, etc.) | UNK |
| In what Department did the incident occur? | -Unknown | Department Head | N/A |
| Accident Info2 | | | |
| Who was the first associate to respond? | | Associate who heard the incident. | |
| Associate who saw the incident. | | Who investigated the incident? | UNK |
| Were pictures taken? | Unknown | Who took the pictures? | |
| Was the incident captured on CCTV? | Unknown | What is the cameras name? | |
| What is the camera's number? | | What time was it captured on CCTV? | : |
| Was a vendor/supplier involved? | Unknown | Vendor/Supplier Business Name | |
| Vendor/Supplier Phone | -- | Vendor/Supplier Address (e.g., 2455 Paces Ferry Rd., Atlanta, GA 30339) | |
| Vendor/Supplier Contact Name | | Was merchandise involved? | No |

 **General Liability Claim Worksheet**

| | | | |
|---|---|---|---|
| Was equipment involved? | N | Manufacturer Name | |
| SKU (ex: 000000, no dashes) | | UPC | |
| Merchandise Description (Product, Brand, Item Name, size, quantity) | | Equipment Description (brand, make, model, serial #) | |
| Asset Protection Associate Name | | Outside Security Company Name | |
| Outside Security Company Employee | | Other Home Depot Associate Name | |
| Damage During Delivery | | Who Was Involved | |
| Associate Name | | Associate Phone | |
| Were the authorities involved with the incident? | | Please describe how and what authorities were involved including the case #. | |

**INSTALLED SALES**

| | | | |
|---|---|---|---|
| The install originated from: | | Pvendor Number | |
| Mvendor Number | | Customer Order Number | |
| Purchase Order Number | | Installer Number | |
| Lead Number | | Name of the property where the incident occurred. | |
| Address | | City | |
| State/Province | | Zip/Postal Code | |
| Phone where the incident occurred. | -- | Alternate phone where the incident occurred. | -- |
| Business Name | | Business Address (e.g., 2455 Paces Ferry Rd, Atlanta, GA 30339) | |
| Business Phone Number | -- | Business Cell Phone Number | |
| Business Cell Phone Number | | Business Fax Number | -- |
| Business E-mail | | Business Contact Name | |
| Vendor Status | | Install Type | |
| Installation Date | | Product Type | |
| Product SKU Number (ex: 000000, no dashes) | | Product UPC Number | |
| Product Brand Name | | What is the labor warranty for this job? | |
| What is the product warranty for this job? | | Was there a pre-inspection report? | |
| Was service provider/vendor notified of damages/injury? | | Has the workmanship been corrected? | |
| What is the date that the workmanship was corrected? | | Please describe how the workmanship has been corrected. | |
| Please describe how the workmanship has been corrected. | | | |

**BODILY INJURY**

| | | | |
|---|---|---|---|
| Medical Facility Name | | Medical Facility Address | |
| Medical Facility Ph. Number-Ext: | -- - | | |

**PROPERTY DAMAGE**

| | | | |
|---|---|---|---|
| Description of Property | | | |
| Description of Damage | | | |
| Damaged Vehicle Plate/Tag | | Damaged Vehicle VIN | |
| Damaged Vehicle Make | | Damaged Vehicle Year | |

**DEPOT DIRECT**

 **General Liability Claim Worksheet**

| | | | |
|---|---|---|---|
| Has an incident been reported to Electric Insurance? | | Was the damage caused from the installation? | |
| Was it a GE Direct installer? | | Purchase Order Number | |
| Master Shipping Number | | Date of Delivery | |
| Appliance Model Number | | Appliance Serial Number | |
| **TOOL RENTAL CENTER** | | | |
| Incident involved rental through tool rental center (TRC)? | N | Contract # | |
| TRC Unit # | | Serial # | |
| **WITNESS INFORMATION** | | | |
| Who should be contacted at the store/location? | ADMIN ADMIN | Phone # - Ext. | 111-111-1111 - |
| Was there a witness to the incident? | No | Is witness 1 a THD Associate? | |
| Witness 1 Name | | Phone - Ext. | - |
| Street | | City | |
| State/Province | | Zip/Postal Code | |
| Is witness 2 a THD Associate? | | Witness 2 Name | |
| Phone - Ext | - | Street | |
| City | | State/Province | |
| Zip/Postal Code | | | |
| Email Recipient | | | |
| Do you have any additional information or comments about this incident? (254 character limit) | | | |

7-24-2020          20200768512          5820200724006509