IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MARTHA HUNT**                                                                                  **PLAINTIFF**

v.                                    **CASE NO. 2:20-CV-00178-BSM**

**HOME DEPOT INC,** *et al.*                                                          **DEFENDANTS**

## ORDER

Defendants are moving for summary judgment [Doc. No. 41] claiming that there are no disputes of material fact for the jury to consider and that the law demands judgment in defendants' favor. Defendants' motion is granted and the complaint is dismissed with prejudice.

### I. BACKGROUND

Martha Hunt's husband, Tommy Lee Hunt, was found face down and unconscious by Michael Gaddy at the New Light Baptist Church in Helena. Pl.'s SOF ¶¶ 1–6, Doc. No. 52; Gaddy Dep. at 27, Doc. No. 41-12. Mr. Hunt was using an eleven-year-old Telesteps Model 16S ladder to change light bulbs when he, very tragically, fell and hit his head on a church pew. *Id.*; Henning Dep. at 14. The ladder was found lying on the floor next to Mr. Hunt with several pieces broken off of it. Pl.'s SOF ¶ 7. Mr. Hunt was transported by ambulance to the Helena Regional Medical Center where he was pronounced dead.

Ms. Hunt is suing Home Depot, Inc., Home Depot USA Inc., Telesteps, Inc., and Regal Ideas, Inc. for the death of Mr. Hunt, claiming that the ladder was defective. She states that the ladder was purchased from Home Depot USA, and that Regal Ideas, Telesteps, and

Home Depot, Inc. were involved in the manufacture, distribution and/or sale of the ladder. Defendants move for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Summary judgment is granted, and Ms. Hunt's claims against Telesteps, Regal Ideas, Home Depot, Inc., and Home Depot USA are dismissed.

### A.  Telesteps and Regal Ideas

Summary judgment is granted for Telesteps because it was dissolved in January of 2009, and it never distributed Model 16S ladders. Henning Aff. at ¶ 3, Doc. No. 41-5. Although Ms. Hunt states that Telesteps did distribute the ladder, summary judgment must be granted because her statements are not supported by evidence in the record.

Summary judgment is granted for Regal Ideas because it never sold the Model 16S ladder. Henning Dep. at 24–25. The record shows that the ladder was manufactured by Xin Wei Aluminum Products Co., Ltd. in 2007 and distributed by Regal Aluminum Products, Inc. *Id.* at 7, 14, 20. Xin Wei was dismissed from this lawsuit for lack of service, Doc. No. 10, and Regal Aluminum Products stopped its business activities in 2010, and went into bankruptcy in 2014. *Id.* at 8, 11–12. Moreover, all of Regal Aluminum Products's obligations have been discharged in bankruptcy. *Id.* at 26–27.

    B.    <u>Home Depot, Inc.</u>

Summary judgment is granted on Ms. Hunt's claims against Home Depot, Inc. because it is merely the parent company of Home Depot USA and is not generally liable for Home Depot USA's obligations. *Robinson v. Terex Corp*, 439 F.3d 465, 468 (8th Cir. 2006); Bullock Aff., Doc. No. 41-7. Home Depot, Inc. neither operates big box hardware stores, nor does it design, manufacture, test, or sell products. *Id.*

    C.    <u>Home Depot USA</u>

Ms. Hunt is suing Home Depot USA for products liability, strict liability, negligence, the implied warranties of merchantability and fitness for a particular purpose, an express warranty, ANSI violations, wrongful death, and survival. Summary judgment is granted in favor of Home Depot USA on all claims because the record does not show that Mr. Hunt's untimely death was caused by Home Depot's conduct. *See Crawford v. Sears Roebuck & Co.*, 295 F.3d 884, 885 (8th Cir. 2002). Although Mr. Hunt's death is awful, it is well

established in the law that the mere fact that an accident occurred is not proof that Home Depot USA was negligent or that the ladder was defective. *Id.* To prove her case against Home Depot USA, Ms. Hunt is required to show that the ladder in question was defective at the time it was produced, and that the specific defect caused Mr. Hunt's fall, or that Home Depot USA did something that caused Mr. Hunt's death. *See Higgins v. General Motors Corp.*, 287 Ark. 390, 699 S.W.2d 741, 743 (1985) ("[t]he mere fact of an accident, standing alone, does not make out a case that the product is defective"); *Crawford v. Sears Roebuck & Co.*, 295 F.3d 884, 885 (8th Cir. 2002) (requiring evidence that defendant was negligent in supplying the allegedly defective product).

Even though the evidence is viewed in the light most favorable to Ms. Hunt, there is only speculation supporting her position that a defect in the ladder caused Mr. Hunt's fall and there is no evidence that Home Depot USA's negligence cause Mr. Hunt's death. Ms. Hunt, therefore, has not overcome summary judgment. *Nat'l. Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 610 (8th Cir. 1999) (citation omitted) ("A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment").

In support of her claim, Ms. Hunt offers the expert report of William R. Coleman, who states that a design defect in the ladder's locks *could have caused* the ladder to de-telescope, and *this could have caused* Mr. Hunt's fall. Coleman Report at 7–9, Doc. No. 49-2 (emphasis added). The problem with these opinions is that there is no evidence in the record that the ladder actually de-telescoped. *Id.*; Ver Halen Report at 7, Doc. No. 41-1.

There is also no evidence that a defect in the ladder actually caused Mr. Hunt's fall. Ms. Hunt argues that the broken pieces found next to the ladder, including a broken spreader bar, create an inference that the ladder was defective. This argument makes sense, but it does not account for the fact that the ladder was eleven years old, and nothing indicates the ladder showed signs of defective build before it was found lying on the floor next to Mr. Hunt. This is key because, to establish liability based on circumstantial evidence, Ms. Hunt must present evidence negating other possible causes of Mr. Hunt's fall from the ladder. *See Crawford,* 295 F.3d at 886 (proof negating other possible causes of an accident is necessary to avoid summary judgment when a ladder was sold to a purchaser and the ladder's history after its sale is unknown).

This approximately 300 page record has been searched to find some evidence of causation on behalf of Home Depot USA, because it is required to defeat summary judgment on each of Ms. Hunt's claims, but none was found. *Boatmen's Tr. Co. v. St. Paul Fire & Marine Ins. Co.*, 995 F. Supp. 956, 961–62 (E.D. Ark. 1998) (requiring proof of causation to survive summary judgment on any product liability claim). Summary judgment is therefore granted because the record lacks proof sufficient "to induce the mind to pass beyond conjecture." *Crawford,* 295 F.3d at 886.

IV. CONCLUSION

For the reasons stated above, defendant's motion for summary judgment [Doc. No. 41] is granted, and this case is dismissed with prejudice.

5

IT IS SO ORDERED this 10th day of June, 2022.

                                                                         _____
                                                                         UNITED STATES DISTRICT JUDGE